IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 17-cv-00711-LTB

GENESIS CAPITAL VENTURES, LLC, a Colorado limited liability company,

Plaintiff,

v.

RESTORE WITH APEX, INC., d/b/a APEX RESTORATION DKI, a Tennessee corporation, and GREGORY DRIVER, an individual,

Defendants.

---

MEMORANDUM OPINION AND ORDER

---

Babcock, J.

This contract dispute is before me on a motion to dismiss by Defendants Restore With Apex, Inc. ("Apex") and its CEO Gregory Driver. Mr. Driver moves to dismiss several of the claims against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that he is not a party to the contract, that he did not personally guarantee Apex's performance, and that the claims violate Colorado's statute of frauds and its parol evidence rule. Both Apex and Mr. Driver move to dismiss the fraud in the inducement claim under Rule 12(b)(6), arguing it is barred by Colorado's economic loss rule, impermissible because the contract is fully integrated, and not pleaded with adequate particularity under Rule 9(b) of Federal Rules of Civil Procedure. Plaintiff Genesis Capital Ventures LLC ("Genesis) opposes the motion.

As I describe below, I disagree with Mr. Driver and Apex's arguments. The form of Mr. Driver's signature on the contract indicates he may be personally liable on the contract to the same extent that Apex is, and neither the parol evidence rule nor the statute of frauds alter this conclusion. And Colorado law permits a fraud in the inducement claim despite its economic loss rule, even if the parties signed a fully integrated contract, because a fraud in the inducement claim arises from the independent tort duty to refrain from making material misrepresentations, not from the terms of the contract itself. I accordingly DENY the motion to dismiss.

## I. BACKGROUND

The following allegations are taken from the Complaint (ECF No. 3), unless otherwise noted.

Genesis funds the roofing and restoration industries. Essentially, Genesis pays a contractor up front for the costs of a project, and in exchange, it, rather than the contractor, receives payment for work completed on the project. Genesis funded Apex's restoration of a facility in Alabama owned by Giles & Kendall, Inc. But Apex never got the proper licenses to conduct the restoration of the Alabama facility, and Giles & Kendall refuses to pay for the unlicensed work Apex completed, which means that Genesis has not been repaid for the funding it provided for the Alabama facility.

The terms of the funding agreement between Apex and Genesis are described in a "Platinum Receivable Management Program" contract (the "PRMP contract"), which was drafted by Genesis. (PRMP contract at 1, ECF No. 1-5.) The contract itself states it is between "Genesis Capital Ventures, LLC" and "Restore with Apex

Inc. DBA Apex Restoration DKI." (*Id.* at 1.) The signature lines on the PRMP contract (*id.* at 7) are as follows:

UNDERSTOOD, AGREED AND APPROVED

*I swear/affirm under oath that I have read the foregoing document and that the information provided/agreed to as set forth herein is true and correct to the best of my knowledge, and further that I agree to abide by and perform pursuant to the terms as conditions contained herein.*

| | |
|---|---|
| 6-13-16<br>Jeffrey W. Posey Date | 6/13/16<br>Contractor Signature Date<br>Greg Driver 6/13/16<br>Printed Name Date |
| Subscribed and affirmed, or sworn to before me in the County of Pitkin, State of CO, this 13 day of June, 20 16<br>My Commission Expires: ______<br>S. Schmauss<br>Notary Public<br>STEPHANIE SCHMAUSS<br>NOTARY PUBLIC<br>STATE OF COLORADO<br>NOTARY ID # 19994006829<br>MY COMMISSION EXPIRES FEBRUARY 25, 2019 | Subscribed and affirmed, or sworn to before me in the County of ______ State of ______ this ______ day of ______ 20 ______<br>My Commission Expires ______<br>Notary Public<br>STATE OF TENNESSEE NOTARY PUBLIC |
| | 9/16/16<br>Contractor Signature Date<br>Greg Driver 9/16/16<br>Printed Name Date |
| | Subscribed and affirmed, or sworn to before me in the County of ______ State of ______ this ______ day of ______ 20 ______<br>My Commission Expires ______<br>Notary Public<br>STATE OF TENNESSEE NOTARY PUBLIC |

The contract itself does not mention either Jeffrey Posey, who presumably signed for Genesis, or Mr. Driver, who twice signed above the word "Contractor." The contract does define "Contractor" as "Restore with Apex Inc. DBA Apex Restoration DKI." (*Id.* at 1.)

Genesis brought this suit against Apex and Mr. Driver in Colorado state court for breach of contract, breach of implied warranties, breach of personal guarantee, fraud in inducement, and unjust enrichment. Apex removed the case to this Court based on diversity jurisdiction, and Genesis moved to remand the case

back to the Colorado state court. (ECF No. 20.) I denied the remand motion. (ECF No. 36.)

I now turn to Apex and Mr. Driver's pending motion to dismiss several claims. (ECF No. 18.)

## II. RULE 12(B)(6) STANDARD

### A. General Standard

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center*, 543 F.3d 1211, 1217 (10th Cir. 2008) (quotation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (explaining that a complaint will not suffice if it offers "naked assertions devoid of further factual enhancement" (quotations and alterations omitted)). Furthermore, conclusory allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 679.

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Instead, a court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* If, in view of the facts alleged, it can be reasonably conceived that the plaintiff could establish a case that would entitle him to relief, the motion to dismiss should not be granted. *Id.* at 563 n.8.

Granting a motion to dismiss is a "harsh remedy" that should be "cautiously studied" to "effectuate the liberal rules of pleading" and "protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

**B. Documents Outside the Pleadings**

At the motion to dismiss stage, courts generally cannot consider evidence outside of the pleadings. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone."). However, a court may properly consider additional documents in a Rule 12(b)(6) motion if they are (1) "mentioned in the complaint," (2) "central to [the] claims," and (3) not challenged as inauthentic. *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). I accordingly consider the PRMP contract (ECF No. 1-5), which the parties agree meets these elements.

## III. ANALYSIS

The PRMP contract provides that Colorado law governs its interpretation. (PRMP contract ¶ 4.2, ECF No. 1-5.) Applying Colorado law, I decline to dismiss any of the claims against Mr. Driver or Apex.

### A. Claims One and Two Against Mr. Driver

Mr. Driver argues he is not a party to the contract and moves to dismiss claim one (breach of contract) and claim two (breach of implied warranties), which are based on the contract. Mr. Driver signed the contract, but he argues he signed only in his capacity as CEO of Apex. Genesis argues that because he simply signed his name to the contract without indicating he was signing on behalf of Apex, he is also personally bound.

Colorado has adopted the Uniform Commercial Code ("UCC") regarding when a representative may be bound on an instrument. Under Colorado law and the UCC, "[i]f the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument." Colo. Rev. Stat. § 4–3–402(b)(1). If the document does not demonstrate that a signature is made in a representative capacity, a signatory still may avoid liability if he "proves that the original parties did not intend the representative to be liable on the instrument." Colo. Rev. Stat. § 4–3–402(b)(2).

The form of the signature in the contract here does not *unambiguously* demonstrate Mr. Driver signed it only in a representative capacity. His signature does not include his title or any indication that he signed it only as a representative

of Apex. According to the comments to the applicable UCC section, if an authorized representative signs under the name of his principal without specifically indicating he signed as an agent, the signature does not unambiguously show he signed solely as a representative for his principal. UCC § 3-402, official cmt. 2 (signature is ambiguous if "[t]he name [of the principal] 'Richard Roe' is written on the note and immediately below that name Doe [an authorized agent] signs 'John Doe' without indicating that Doe signed as agent"). Consistent with the UCC's official comment, the Colorado Court of Appeals held a representative could be liable on a promissory note where, as here, the representative signed her name above the name of her principle. *Abrams v. Colorado Seal & Stripe, Inc.*, 702 P.2d 765, 768 (Colo. App. 1985). Moreover, Mr. Driver signed the contract twice (albeit both times above the line marked "Contractor"), which may indicate he was signing both as a representative of Apex and in his own personal capacity. *See Rink-A-Dinks v. TNT Motorcycles, Inc.*, 655 P.2d 431, 432 (Colo. App. 1982) (holding that where contract was signed twice, once as individual and once as corporate representative, individual was liable).

To be sure, Mr. Driver points to some evidence suggesting he only signed the contract as a representative of Apex. The PRMP contract states it is between Genesis Capital and "Restore with Apex Inc. DBA Apex Restoration DKI." (PRMP contract at 1, ECF No. 1-5.) The signature line refers to "Contractor," which is defined as "Restore with Apex Inc. DBA Apex Restoration DKI." (*Id.* at 1, 7.) Indeed, Mr. Driver is not named in the contract at all. However, this evidence

cannot alter the fact that the signature does not unambiguously demonstrate he is not liable on the contract. While it may be relevant to whether he can avoid personal liability by proving that the "original parties did not intend the representative to be liable on the instrument," Colo. Rev. Stat. § 4–3–402(b)(2), that issue is not before me on this motion to dismiss.

I also decline to hold Mr. Driver cannot be personally liable by construing the PRMP contract against its drafter, Genesis. *See Mountain States Adjustment v. Cooke*, --- P.3d ---, 2016 WL 2957746, at *5 (Colo. App. May 19, 2016) (explaining that "language of the disputed provision should be more strictly construed against the drafter"). Because the signature line does not *unambiguously* show he signed solely as a representative for his principal, under Colorado law, he may be personally liable. *See* Colo. Rev. Stat. § 4–3–402(b)(1). Resorting to canons of construction to cure the ambiguity would impermissibly evade Colorado law, which requires clarity to avoid personal liability. *See id.*

I thus decline to dismiss claims one and two because, based on the allegations in the complaint and the language of the PRMP contract, Mr. Driver's personal liability is plausibly alleged. *See Twombly*, 550 U.S. at 556.

**B. Claim Three Against Mr. Driver**

Mr. Driver also moves to dismiss claim three (breach of the personal guarantee provision of the contract) against him, arguing he did not personally guarantee any of Apex's obligations. Claim Three is based on paragraph 5.6 of the PRMP contract, which provides that "Contractor agrees to personally guarantee all amounts funded by [Genesis] to Contractor." (PRMP contract ¶ 5.6, ECF No. 1-5.)

"Contractor" is defined as "Restore with Apex Inc. DBA Apex Restoration DKI." (*Id.* at 1.)

As Genesis points out, it would be odd to have a paragraph in a contract purporting to bind an entity that is a party to the contract and thus already bound. Following this line of reasoning, Genesis argues that paragraph 5.6 is really a personal guarantee by Mr. Driver because a "company does not 'personally' guarantee its own obligations or performance." (ECF No. 22 at 8.)

I start and end my analysis with the plain language of the contract. While the paragraph is perhaps perplexing, I cannot interpret it to mean anything other than what it unambiguously states: that Apex "personally guarantees" its own contractual obligations. (*See* PRMP contract ¶ 5.6, ECF No. 1-5.) Thus, I hold that paragraph 5.6 is not a personal guarantee by Mr. Driver.

However, as I concluded above, Mr. Driver may still be personally liable on the contract based on his ambiguous signature. So despite my conclusion that paragraph 5.6 is not itself a personal guarantee by Mr. Driver, I decline to dismiss this claim against him. If he is bound by the contract based on his signature, then he is also bound by Apex's personal guarantee. Thus, the allegations in the complaint plausibly allege that Mr. Driver breached the personal guarantee. *See Twombly*, 550 U.S. at 556.

### C. Colorado's Statute of Frauds and Parol Evidence Rule

As separate grounds for dismissal of claims one, two, and three, Mr. Driver invokes Colorado's statute of frauds and parole evidence rule. Colorado's statute of frauds requires an agreement to pay someone else's debt to be in writing. Colo. Rev.

Stat. § 38-10-112(1)(b). Colorado's parol evidence rule bars parol evidence except "when the contract between the parties is so ambiguous that their intent is unclear." *Boyer v. Karakehian*, 915 P.2d 1295, 1299 (Colo. 1996).

These arguments miss the mark. The PMRP contract is in writing so the statute of frauds is inapplicable. *See* § 38-10-112(1)(b). I already concluded that Mr. Driver's signature does not unambiguously indicate he signed only on behalf of Apex, which means parol evidence regarding the parties' intent, at least with respect to the effect of Mr. Driver's signatures, is permissible. *See Boyer*, 915 P.2d at 1299.

Accordingly, neither the parol evidence rule nor the statute of frauds provides a basis for dismissing these claims against Mr. Driver.

**D. Claim Four**

Both Mr. Driver and Apex move to dismiss claim four (fraud in the inducement) on three separate grounds. First, they argue the claim is barred by Colorado's economic loss rule. Second, they argue the claim is barred because the contract is fully integrated and thus precludes litigation regarding any earlier representations. Third, they argue Genesis failed to plead the allegations with the particularity required by Federal Rule of Civil Procedure 9(b). I address each of these arguments in turn.

**1. Economic Loss Rule**

Apex and Mr. Driver argue that the fraud in the inducement claim should be barred under Colorado's economic loss rule. Genesis argues the economic loss rule is inapplicable to the fraud in inducement claim because it arises from a duty

outside the contract: a pre-contractual duty to refrain from material misrepresentations. Under the economic loss rule, "[a] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 290 (Colo. App. 2009) (quotation omitted). "A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. A breach of a duty *arising independently* of any contract duties between the parties, however, may support a tort action." *Id.* (quotation omitted).

The Colorado Supreme Court has specifically held that tort claims based on misrepresentations made before a contract's formation are not barred by the economic loss rule. *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 607 (Colo. 2016). That is because the duty to refrain from making negligent or intentional misrepresentations to induce a contractual agreement is an independent tort duty. *See id.* Accordingly, claim four, which is based on Apex's pre-contract misrepresentations about its license to perform work in Alabama, is not barred by the economic loss rule.

**2. Integration Clause**

Next, Apex and Mr. Driver argue that the contract's integration clause precludes any litigation concerning prior representations. The integration clause provides that the PRMP contract and its exhibits or addendums "constitute the entire Agreement." (PRMP contract ¶ 4.3, ECF No. 1-5.)

The Colorado Supreme Court rejected Apex and Mr. Driver's argument on this point in *Keller v. A.O. Smith Harvestore Products, Inc.*, 819 P.2d 69, 72 (Colo. 1991). In *Keller*, the court held that because a misrepresentation made to induce a contract was distinct from the contract itself, it did not matter whether the contract was fully integrated or not. *Id.* (holding that even where contract was fully integrated, "a contracting party's negligent misrepresentation of material facts prior to the execution of an agreement may provide the basis for an independent tort claim asserted by a party detrimentally relying on such negligent misrepresentations"). I therefore decline to dismiss claim four based on the PRMP contract's integration clause.

**3. Rule 9(b)**

As a third and final ground for dismissing the fraud in inducement claim, Apex and Mr. Driver argue that the complaint does not meet the heightened pleading standard for fraud under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). Accordingly, to meet the requirements of Rule 9(b), the complaint here must particularly describe the elements that amount to fraud in the inducement under Colorado law: "a knowing misrepresentation of material fact, reliance on the material misrepresentation, the right or justification in relying on the

misrepresentation, and reliance resulting in damages." *Williams v. Boyle*, 72 P.3d 392, 399 (Colo. App. 2003).

Genesis's complaint describes the circumstances constituting the fraud with particularly. Genesis alleges that before it entered into the contract, Apex, through Mr. Driver, falsely claimed it was an "Alabama Disaster Recovery" company. (Compl. ¶ 23, ECF No.1-4). It did not disclose that it lacked the proper licenses to conduct business in Alabama. (*Id.* ¶ 24.) Based on these misrepresentations, Genesis funded the restoration of an Alabama facility. But because Apex was not properly licensed, Genesis was never repaid for the funding it provided. These specific allegations adequately describe the who, what, when, where, and how of the alleged fraud and are therefore sufficiently specific to state a claim under Rule 9(b). *See United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) ("Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." (quotation omitted)). I accordingly decline to dismiss claim four under Rule 9(b).

## IV. CONCLUSION

For the reasons described above, the motion to dismiss (ECF No. 18) is DENIED.

Dated: October __18__, 2017 in Denver, Colorado.

BY THE COURT:

*/s/ Lewis T. Babcock*
LEWIS T. BABCOCK